UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SWAGWAY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:16-CV-567-PPS-MGG |
| | ) |
| HANGZHOU CHIC INTELLIGENT | ) |
| TECHNOLOGY CO., LTD., COKEM | ) |
| INTERNATIONAL, LTD., & JANSCO | ) |
| MARKETING, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case involves competitors in the hoverboard industry. As I understand it, hoverboards are self balancing scooters that are battery powered. The plaintiff, Swagway, LLC, has filed a Motion for Temporary Restraining Order seeking to enjoin one of its competitors, Hangzhou Chic Intelligent Technology, Co., Ltd.'s ("Chic" for short), from disparaging it. [DE 6]. On October 4, 2016, I held a status conference with all of the parties at which we discussed the status of the case as well as that of a related case filed previously in the United States District Court for the Northern District of California. As I indicated at that hearing, and for the reasons discussed below, I am not inclined to grant a TRO at this juncture. Furthermore, because the parties currently are litigating a clearly related previously filed case in the Northern District of California and are presently awaiting that Court's ruling on Swagway's motion to transfer that case to this venue, I am staying this action pending resolution of that motion.

At the heart of this case is a dispute over whether Swagway is practicing Chic's patent. But that is not the precise issue being litigated in this action. Rather, Swagway brought this case against Chic and two secondary distributors of Chic's products alleging that the defendants were making false and defamatory comments regarding Swagway's products. Specifically, Swagway alleges unfair competition under federal and state law, tortious interference with business relationships, and defamation.

Swagway's allegations arise from a series of communications made by the defendants to the public, including Swagway's distributors, retailers, and customers, regarding Swagway's alleged infringement of Chic's United States and Chinese patents. These communications include two press releases posted to Chic's website as well as a series of cease-and-desist letters sent to retailers of Swagway's products, alerting them to the alleged infringement and demanding that the retailers cease the sale of the infringing products or potentially face legal action for willful infringement. After Swagway filed this action, Chic removed the two press releases from its website and replaced them with a revised press release.

In its complaint, Swagway requested, among other things, an order preliminarily enjoining the defendants from making any alleged false or misleading statements regarding Swagway, its products, or Chic's patent rights in the context of Swagway's products, as well as damages resulting from the defendants' misconduct. Swagway subsequently moved for a temporary restraining order [DE 6] and now requests an order enjoining Chic from republishing the two original press releases, directing Chic to

make certain amendments to its new, revised press release, enjoining Chic from disseminating the same or similarly false statements as those disseminated by the other two defendants in their roles as secondary distributors of Chic's products, and enjoining Chic from disseminating cease-and-desist letters to Swagway retailers or customers. [DE 37 at 2.]

A temporary restraining order is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1992) (per curiam). To warrant a TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the TRO is not granted. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these elements are satisfied, the Court must then balance the harm to the plaintiff if the restraining order is denied against the harm to the defendant if the restraining order is granted. *Id.*

Here, Swagway, at a minimum, has failed to meet its burden to demonstrate irreparable harm. Swagway needs to show that irreparable harm is *likely* to occur in the absence of an injunction. *See Winter*, 555 U.S. at 22. The mere risk of irreparable harm is not sufficient. *Id.*; *Eaton Corp. v. Appliance Valves Corp.*, 526 F. Supp. 1172, 1181 (N.D. Ind. 1981). Swagway argues that there is a well-established presumption in this Circuit that injuries arising from Lanham Act violations are irreparable, even absent a showing of business loss. [DE 8 at 26.] Chic counters that Swagway has failed to show that

3

Chic's communications caused irreparable harm and that the presumption of irreparable harm is no longer appropriate in the wake of the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). [DE 22 at 21-25.] The Seventh Circuit has not addressed the issue of the effect of *eBay* on the irreparable harm presumption in Lanham Act cases, nor has this district. As Chic point outs, there is at least one case in the Northern District of Illinois analyzing *eBay* and recognizing that it calls into question the Seventh Circuit's presumption of irreparable harm in infringement cases which, like false advertising, also are governed by the Lanham Act, and that other Circuits no longer apply the presumption and require a showing of irreparable harm. [*Id.* at 22-23 (discussing *Nat'l Financial Parners Corp. v. Paycom Software, Inc.*, No. 14 C 7427, 2015 WL 3633987 (N.D. Ill. June 10, 2015)).] However, there also are cases in the Northern District of Illinois that have continued to apply the presumption (although only one acknowledges and discusses *eBay*). [*Id.*] Out of an abundance of caution, I decline to apply a blanket presumption, but rather look at the specific facts of this case to determine whether Chic is likely to suffer irreparable harm.

Here it appears to me that any losses caused by the defendants' alleged communications could be calculated and remedied by monetary damages. Swagway attempts to frame the issue as loss of goodwill and reputation, but it essentially is arguing that it will lose business if Chic continues to make its alleged false and misleading statements, which is a loss compensable with monetary damages. Furthermore, Chic already removed from its website the two press releases at issue and

represented to the Court that it is willing to continue to work with Swagway to amend the language of the new press release. In addition, CokeM (one of the other defendants) has stipulated to the preliminary injunction and indicated it doesn't intend to make such statements. [DE 30] As for Jansco, the other defendant in the case, it has represented that it also is willing to discuss a stipulation to the preliminary injunction. At this point in the litigation, I just have not seen enough to believe that Chic is *likely* to suffer irreparable harm if I do not order a temporary restraining order against the defendants.

In addition, at this point, Swagway has not demonstrated the likelihood of success on the merits. The issue underlying this entire action, and the substance of the communications that Swagway seeks to enjoin, is whether Swagway illegally is practicing Chic's patents and the ramifications of that, which is the issue currently being litigated by the parties in the Northern District of California, not here. I simply do not have enough information at this point to determine if the substance of Chic's alleged statements are false or misleading and, therefore, cannot say that Swagway is likely to succeed on the merits and grant it a temporary restraining order.

As I have discussed above, and with the parties at the October 4, 2016 status conference, prior to Swagway filing this action, Chic filed a patent infringement action against Swagway in the Northern District of California. *See* Case No. 3:16-CV-04804-H.G. (N.D. Cal. 2016). Because I believe that the issue at the heart of this action is whether or not Swagway is infringing Chic's patents, I don't believe that it makes sense

to, at this time, potentially have parallel litigation here and in the Northern District of California. The parties have represented to me that Swagway moved to transfer venue of the Northern District of California action to this district and that Court is holding a hearing on the motion on November 10, 2016. *See* Case No. 3:16-CV-04804-H.G. (N.D. Cal. 2016) (Docket Entry 15). All of the parties seem to agree that it makes sense to litigate the patent infringement claims and the unfair competition and defamation claims in the same court, in front of the same judge. Because the judge in the Northern District of California currently is deciding the issue as to where that should be, I think that it makes sense to stay this action pending that decision. To the extent that Swagway argues that it will be further damaged if this case does not proceed, I will remind it that this is a problem of its own making. It chose to subsequently file an action in this district asserting claims that are factually intertwined with those brought in the first-filed Northern District of California action, rather than raising them as counterclaims in that action. It did so at its own peril and now must await the decision on its motion in the Northern District of California.

Swagway also has requested that a preliminary injunction be issued. If the judge in the Northern District of California case decides to transfer that case to this district, then I promptly will hold a preliminary injunction hearing where the parties can present evidence and argument. This will provide Swagway another opportunity to persuade me, based on a more robust record, that an injunction is appropriate. But for now, this matter will be stayed pending the decision by the judge in the Northern

District of California.

## CONCLUSION

Accordingly, Swagway's Motion for Temporary Restraining Order [DE 6] is **DENIED** and this case is **STAYED** pending resolution Swagway's Motion to Transfer Venue in Case No. 3:16-CV-04804-H.G. (N.D. Cal. 2016) (Docket Entry 15).

**SO ORDERED.**

Entered: October 14, 2016        s/ Philip P. Simon
                                 PHILIP P. SIMON, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT